NH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Nguyen Tien,

Petitioner,

v.

N. Martinez, et al.,

Respondents.

No. CV-25-03380-PHX-SMB (DMF)

**ORDER**

Self-represented Petitioner Nguyen Tien, who is confined in the Central Arizona Florence Correctional Complex, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and a Motion for Appointment of Counsel (Doc. 1 at 2). In a September 29, 2025 Order, the Court noted Petitioner had not paid the filing fee or sought to proceed in forma pauperis, and gave Petitioner an opportunity to remedy this deficiency. Petitioner subsequently filed a complete Application to Proceed In Forma Pauperis (Doc. 4). The Court will grant the Application to Proceed and require Respondents Estepa and N. Martinez to answer the Petition and will dismiss the remaining Respondents.

## I. Application to Proceed In Forma Pauperis

Petitioner's Application to Proceed In Forma Pauperis indicates his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperis. *See* LRCiv 3.5(c).

. . . .

## II. Petition

In the Petition, Petitioner names as Respondents N. Martinez, Estepa, Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and the Department of Homeland Security (DHS). Petitioner states he was born in Vietnam and entered the United States in the summer of 1991 and was in "O.D.B. status."[1] At some point, Petitioner was either charged or convicted of burglary. In summer of 1999, an Immigration Judge ordered Petitioner removed from the United States, and he did not appeal that decision to the Board of Immigration Appeals (BIA).[2]

On May 19, 2025, Petitioner was detained by ICE and has remained in custody since. On August 19, 2025, Petitioner received a "Decision to Continue Detention" and is currently being held pursuant to a final removal order. Petitioner alleges he has "been through the 180-day period[] and . . . ICE continues to hold [him for] another 180 days," and seeks to challenge his final order of removal.

Petitioner raises three grounds for relief:

> (1) Petitioner is entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he received a final order of removal 20 years ago and is "still detained and waiting for [his] removal."
>
> (2) Under "Article 1 General Provisions," "[i]n the case of a citizen of Vietnam who immigrated to the United States from a third country where that person ha[s] a permanent residence and who has been ordered removed from the United States," the United States "will seek to return that person to the third . . . country or consider allowing that person to stay in the U.S. before requesting removal to Vietnam."
>
> (3) There is an agreement between the United States and Vietnam regarding the "acceptance of the return of Vietnamese citizens," and "ICE's policy is that pre-1995 immigrant[s] are

---

[1] Petitioner does not specify what "O.D.B. status" is.

[2] Petitioner also claims that the BIA dismissed Petitioner's appeal on August 19, 2025.

> generally unlikely to be deported and should be released within 90 days of receiving a deportation order."

The Court will require Respondents Estepa and N. Martinez to answer the Petition. The Court will dismiss Respondents ICE, ERO, and DHS because a petitioner for habeas relief must name the official having custody of him as a respondent to the petition. *See Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. Calif. Sup. Ct*., 21 F.3d 359, 360 (9th Cir. 1994)) (emphasis added).

**III. Motion for Appointment of Counsel**

Petitioner requests the Court appoint counsel to represent him in this case because immigration law is complex and, as a detained immigrant, he would have "great difficulty presenting the case without the assistance of counsel."

To appoint counsel under § 3006A(a)(2)(B), the Court must determine whether the "interests of justice" require the appointment of counsel. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting § 3006A(a)(2)(B)). This determination is guided by an assessment of the likelihood of success on the merits and movant's ability to articulate his claims in light of the complexity of the legal issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner has not made the necessary showing for appointment of counsel at this time. Therefore, the Court will deny without prejudice his Motion for Appointment of Counsel.

**IV. Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C. Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed In Forma Pauperis (Doc. 4) is **granted**.

(2) Petitioner's Motion for Appointment of Counsel (Doc. 1 at 2) is **denied**.

(3) Respondents Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO) and Department of Homeland Security (DHS) are **dismissed**.

(4) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Estepa and N. Martinez pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(5) Respondents Estepa and N. Martinez must answer the Petition within 20 days of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(6) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF."

CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(7) Petitioner may file a reply within 30 days from the date of service of the answer.

(8) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 10th day of November, 2025.

Honorable Susan M. Brnovich
United States District Judge